**WMOZ, INC., and Edwin H. Estes, Appellants,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee.**

**No. 18742.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 1, 1965.

Decided Feb. 25, 1965.

Mr. Glenn A. Mitchell, Washington, D. C., for appellants.

Mr. Ernest O. Eisenberg, Counsel, F. C. C., with whom Messrs. Henry Geller, Gen. Counsel, and Daniel R. Ohlbaum, Deputy Gen. Counsel, F. C. C., were on the brief, for appellee. Mr. John H. Conlin, Counsel, F. C. C., also entered an appearance for appellee.

Before DANAHER, BASTIAN and WRIGHT, Circuit Judges.

PER CURIAM:

Here the only question of substance involves the Commission's refusal to reopen the record for the taking of evidence which the appellants claimed was newly discovered and of decisional significance.

The appellants in this court have challenged the Commission's Decision and Order released February 4, 1964 denying the application for renewal of the standard broadcast station license of WMOZ, Inc. at Mobile, Alabama, revoking the license of Estes for standard broadcast station WPFA at Pensacola, Florida, and denying the appellants' petition to reopen the record for the taking of additional evidence. Appellants further have appealed from the Commission's Memorandum Opinion and Order released June 5, 1964 denying the appellants' petition for reconsideration and for further oral argument. The record shows that a Hearing Examiner had concluded that Estes as owner of 99 per cent of the stock of WMOZ, Inc. had disqualified himself and his corporation from holding a Commission authorization. The available evidence has also demonstrated, he con-

---

cluded, that Estes lacked the qualifications to be the licensee of WPFA. The Commission approved its Examiner's finding that Estes had deliberately falsified certain records and had testified falsely with respect to their preparation. The Commission additionally concluded that Estes, having knowingly and willfully submitted false information to the Commission, lacked the necessary character qualifications to continue as a licensee of the Commission. Thus it was decided that the WMOZ license should not be renewed and that his individual license for station WPFA should be revoked. Without more, it would appear that at the time of its orders based upon the untrustworthiness [1] of Estes, the Commission's action found overwhelming support in the record.

However, some months before the Commission's February, 1964 order was entered, Estes moved to reopen the record so that he might file two affidavits executed by one Ray and one Foster who claimed knowledge of important facts. If believed, the testimony of these affiants might have gone far toward undermining the basis for the Commission's conclusions as to Estes. It might have been made to appear that he was the victim of conspiratorial competitors and others who sought to drive Estes out of business that they might acquire his radio properties. Certainly the record is replete with charges and recriminations. Some months after oral argument, the Commission *en banc* denied the motion.[2]

We think in view of the nature of the claims, public interest considerations require that this case be remanded to the end that a supplemental record may be compiled before the Hearing Examiner, and that Ray and Foster should be called to testify. In the light of their testimony, further evidence may be received in refutation or corroboration as the case may be. We intimate no opinion as to

what weight the Commission shall ultimately accord to the testimony adduced at the supplemental hearing, nor do we express a view as to what the Commission's ultimate action should be if it should decide that false testimony has been adduced and that the Commission's processes have been abused. It is enough to observe that a full record, compiled as has been suggested, may advance the interests of justice.

We have considered other contentions with respect to various Commission rulings and deem them to be without merit.

Remanded for further proceedings consistent with this opinion.

---

1. Cf. Federal Communications Commission v. WOKO, Inc., 329 U.S. 223, 227–228, 67 S.Ct. 213, 91 L.Ed. 204 (1946).

2. Only four Commissioners participated in the decision. More than 14 months elapsed between the date of the report of the Hearing Examiner and the Commission's ultimate action.