**GORDON COUNTY BROADCASTING COMPANY (WCGA), Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**

**John C. Roach, Intervenor.**

**No. 24093.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 29, 1971.

Decided June 29, 1971.

Petition for Rehearing Denied Aug. 10, 1971.

Mr. B. Jay Baraff, Washington, D. C., with whom Mr. Arthur Stambler, Washington, D. C., was on the brief, for appellant.

Mr. Joseph A. Marino, Counsel, Federal Communications Commission, with whom Messrs. Henry Geller, Gen. Counsel at the time the brief was filed, John H. Conlin, Associated Gen. Counsel, and D. Biard MacGuineas, Counsel, Federal Communications Commission, were on the brief, for appellee. Mrs. Lenore G. Ehrig, Counsel, Federal Communications Commission, also entered an appearance for appellee.

Mr. Lawrence J. Bernard, Jr., Washington, D. C., for intervenor.

Before MacKINNON and ROBB, Circuit Judges, and VAN PELT,* Senior United States District Judge for the District of Nebraska.

PER CURIAM:

This appeal from a decision and order of the F.C.C. involves mutually exclusive applications to operate a radio station on 900 kHz with a power of 1 kw, daytime only, in Calhoun, Georgia. The application of appellant Gordon County Broadcasting Company seeks renewal of its broadcasting license to operate station WCGA in Calhoun. Appellant Roach seeks a license to operate a new station.

In a memorandum opinion and order dated September 7, 1967, the Commission designated the applications for hearing in a consolidated proceeding, and enumerated seven issues, as issues affecting one or both applicants, for determination. On July 17, 1968, the Hearing Examiner concluded, following a hearing and the testimony, that both applications should be denied, and that public interest, convenience, and necessity would not be served by a grant of either application. With respect to appellant Roach, the Examiner concluded that he had "failed to ascertain the needs and interests of the area to be served,[1] and has misrepresented the facts regarding his program contacts." With respect to Gordon County, the Examiner found that appellant had consistently failed to file numerous financial reports with the Commission, and had ignored inquiries made by the Commission concerning this failure.[2] The Examiner also stated that his conclusion was buttressed by Gordon County's participation in the filing of a "strike" application in the *Blue Ridge Mountain Broadcasting Company* case to impede and obstruct the establishment of a competitive radio station in Calhoun.[3]

In lieu of exceptions, Roach, on September 23, 1968, filed a petition to reopen the record and enlarge the issues, and for a determination of whether he had misrepresented material facts. On October 7, 1969, Roach filed a petition for leave to amend his application in which he proposed to make a new showing of community needs under the *Suburban*[4] test. Gordon County filed exceptions to the Examiner's decision.

On October 31, 1969, the Commission modified the findings and conclusions of the Examiner, and ordered stricken the finding that Roach had misrepresented facts regarding his contacts. The Commission concluded that the Hearing

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d) (1964).

1. The Examiner stated that "[c]ommission policy requires that an applicant ascertain the needs and interests of the community to be served, and that he propose programs to meet such needs," citing Suburban Broadcasters, 30 F.C.C. 1021, 20 R.R. 951 (1961), and Minshall Broadcasting Co., Inc., 11 F.C.C.2d 796, 12 R.R. 2d 502 (1968).

2. The defense offered in regard to this finding was that the reports had merely been lost and would eventually be found. The Commission concluded that this plea, in light of the follow-up letters from the Commission, was "simply incredible."

3. In 1960, Reliable Broadcasting Company filed an application for a license to operate a radio station in Calhoun. Prior to that time, Gordon County operated the only facility in that city, and thus had a virtual monopoly. Blue Ridge Mountain Broadcasting subsequently filed an application for a license to operate a radio station on the same frequency as that which had been applied for by Reliable, in nearby Ellijay, Georgia. The applications were mutually exclusive. The Commission concluded that the Blue Ridge application had been filed solely or in part as a "strike" application, to impede or block Reliable's application for Calhoun, and had been joined into by Gordon County for the purpose of protecting its position in Calhoun. Blue Ridge Mountain Broadcasting Co. Inc., 37 F.C.C. 791 (Review Board 1964), review denied by the Commission, January 7, 1965 (FCC 65-5), aff'd per curiam *sub nom.* Gordon County Broadcasting Co. v. F.C.C., No. 19,165 (D.C.Cir. 1965), 6 P. & F., R.R.2d 2004.

4. See note 1 *supra.*

Examiner's initial decision as it related to Roach was proper and sustainable without such finding of misrepresentation. With respect to the Gordon County application, the Commission stated:

"11. Gordon County * * * comes before the Commission seeking renewal at a time when it is already operating on a probationary one-year renewal engendered, at least in part, by consistent failure to file annual financial reports within the time period required by the Commission's rules. Yet within the time period encompassed within the present record, Gordon County five more times failed to file such reports on time and ignored correspondence intended to clear up such dereliction. *This, in itself, would be serious enough to warrant failure to renew.* When to this misconduct is added the corporate participation in the filing of the Blue Ridge strike application, without offsetting consideration, the conclusion is inescapable that renewal of Gordon County's license is not in the public interest." (Emphasis added.)

Gordon County's application for reconsideration was denied. These appeals followed.

### *ROACH v. F.C.C. No. 23,719*

Since argument and submission of this case, Roach and the Federal Communications Commission have requested that the case be remanded to the Federal Communications Commission for further consideration to permit reopening of the record in order to afford an opportunity to Roach to amend his application and to conform to the guidelines of the Primer. The motion has been granted and an order as requested has been entered.

### *GORDON COUNTY BROADCASTING COMPANY v. F.C.C. No. 24,093*

We note at the outset that Gordon County does not challenge the Commission's findings of repeated and consistent disregard of the Commission's rules and regulations concerning the filing of financial reports and answering correspondence.[5] The sole challenge on this appeal relates to the refusal of the Commission to allow Gordon County to introduce evidence to contradict the established charges in the *Blue Ridge* case concerning appellant's participation in that "strike" application, on the basis that the issue is *res judicata*. Gordon County asserts there is new, relevant, and explanatory evidence available which would reveal that the earlier finding of Gordon County's participation in the *Blue Ridge* strike application was erroneous, and that *res judicata* should not be employed to foreclose the true factual situation in this "capital proceeding."

We note that the action taken in the Roach case and above mentioned, has no bearing on the Gordon County appeal. It remains before us for decision.

After thorough analysis of the facts presented on this record, we conclude that the repeated and wilful disregard of the Commission's regulations, as well as Gordon County's consistent failure to answer inquiries relating to these failures to file, was in this case sufficient to justify denial of Gordon County's application for renewal, without considering the *Blue Ridge* issue. This is not a case involving one or two isolated failures, but rather one of repeated neglect on the part of Gordon County, extending over a number of years. In this connection it is to be remembered that as early as 1962, Gordon County was granted a short term of "probationary" renewal of its broadcasting license because of similar viola-

---

5. The Hearing Examiner ultimately found and concluded that during the nine years elapsing from 1958 through 1966, Gordon County timely filed its F.C.C. Form 324, an annual financial report, on only one occasion.

tions.[6] The fact that Gordon County possessed a probationary license was "a less favorable posture for the licensee than would have been the case absent the 'probationary license' grant." Office of Communication of United Church of Christ v. F.C.C., 138 U.S.App.D.C. 112, 114, 425 F.2d 543, 545 (1969). Despite assurances by appellant to the contrary, the situation did not improve as time progressed.

■■ Even if the *Blue Ridge* issue was controlling, we would find it difficult to set aside the Commission's ruling on the basis that the doctrine of *res judicata* was inappropriate in this case. While we accept the general rule that flexibility rather than technical, procedural specificity is the keynote in applying *res judicata* in administrative proceedings, we are nevertheless convinced that there was no abuse of discretion in not allowing the record to be reopened. There has been no showing of any particular cause or sufficient justification in the public interest, based upon evidence which was not available during the original proceeding, to warrant relitigation of this collateral issue. *See* WEBR, Inc. v. F.C.C., 136 U.S.App.D.C. 316, 323, 420 F.2d 158, 165 (1969). Gordon County's participation in the *Blue Ridge* case was fully litigated, and Gordon County pressed the appeal. No new element has been added to this case by the proffered evidence as it was in WMOZ, Inc. v. F.C.C., 120 U.S.App.D.C. 103, 344 F.2d 197 (1965). Gordon County merely sought to explore a second time its participation in the *Blue Ridge* case, which had been covered in depth in the original proceeding. There have been no "compelling" circumstances shown to justify relitigation when weighed against the need for administrative finality. We hold that the Commission's order as it affects Gordon County is correct and should be affirmed.

So ordered.

6. At that time the Commission stated in a letter to Gordon County: "Your actions have fallen considerably short of that minimal degree of responsibility which the Commission has a right to expect of its licensees. Consequently, a serious question has been raised as to your qualifications to be a licensee of the Commission. * * *"